**EXHIBIT 1**

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| **BRODY A. VANCE**<br>727 State Street<br>Wadsworth, Ohio 44281<br><br>And<br><br>**HANNAH VANCE**<br>727 State Street<br>Wadsworth, Ohio 44281<br><br>    Plaintiffs,<br><br>-vs-<br><br>**ALLIANCE RV, LLC**<br>301 Benchmark Drive<br>Elkhart, Indiana 46516<br><br>    Defendant. | CASE NO.<br><br>**2024CIV1089**<br><br><u>COMPLAINT</u><br><br>MISC: Breach of Warranty/Contract<br><br>**JURY DEMAND ENDORSED HEREON**<br><br><br>**WILLIAM F. HUTSON, JUDGE** |

FILED MEDINA COMMON PLEAS '24 DEC 19 AM 10:38

Now comes Plaintiffs, Brody A. Vance and Hannah Vance, by and through her undersigned counsel, and for her Complaint against Defendant allege and aver as follows:

### PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiffs, Brody A. Vance and Hannah Vance, were and are husband and wife and residents of The City of Wadsworth, County of Medina, and State of Ohio.

2. Upon information and belief and at all times relevant hereto, Defendant, **ALLIANCE RV, LLC** (herein after referred to as "Alliance") was a for-profit limited liability corporation qualified to do, and regularly conducting, business in the State of Ohio, and personally availed itself to the protection of the laws of Medina County by conducting business individuals in that area.

3. At all times pertinent herein, all employees, agents, and/or subcontractors, were acting as agents and employees of Defendant, Alliance RV, LLC. Therein, Defendant is responsible for all negligent acts of its employees, agents, and/or subcontractors, under the doctrine of respondeat superior.

4. The acts and/or omissions underpinning this lawsuit arise from the camper/trailer manufactured by the Defendant and purchased by Plaintiffs which is kept at the Plaintiffs' home in The City Wadsworth, County of Medina, State of Ohio.

## STATEMENT OF FACTS

5. Plaintiffs, Brody A. Vance and Hannah Vance, purchased a 2021 Valor Model 40V13 Fifth-Wheel camper, V.I.N. 7M5FV4533MA003783 made and manufactured by the Defendant at General RV Center in North Canton, Ohio on or about June 29, 2021.

6. Mr. and Mrs. Vance paid $ for the travel trailer made and manufactured by Alliance RV, LLC.

7. Plaintiffs began to experience myriad problems with the travel trailer shortly after taking delivery.

8. Plaintiffs first began to experience water intrusion from an unsealed rain gutter. Water would infiltrate the structure of the camper causing ice to develop in the winter months.

9. In the following spring, wiring in the ceiling of the camper caught on fire from what appeared to be a faulty connection. Plaintiffs were able to detect and extinguish the fire before a large amount of damage resulted, however, the ceiling at the location of the fire turned brown at the location of the burn.

10. Plaintiffs had flooring material loosen as a result if water infiltration/intrusion and it had to be replaced.

11. Plaintiffs had mold develop in the structure of the camper, again, as the result of water intrusion. The mold had to be remediated.

12. Plaintiffs had a water line rupture almost as soon as they purchased the camper.

13. Plaintiffs noticed that the electric "slide-out" on the side of the camper would not extend or retract without physical assistance.

14. Plaintiffs took the camper four hours away from their home to the manufacturer, Alliance, in Elkhart, Indiana, to have the great many problems they were experiencing addressed and remedied. Alliance replaced and added rollers to the "slide out", however, broken welds on the frame of the camper were discovered but not fixed.

15. Plaintiffs discovered that, upon information and belief, Alliance forgot to recall the "slide-out" as originally discussed but discovered this deficiency before driving the camper 4 hours home.

16. Since the repairs were made by the manufacturer, Plaintiffs have discovered the gate valves for both the greywater and blackwater plumbing fail to operate as they should and require tapping on them to make them operate.

17. Plaintiffs have discovered the blackwater tank vent is not installed properly so that when the air-conditioning is turned on, the smell of human waste from the blackwater vent is drawn in and circulated throughout the camper.

18. Plaintiffs noticed that the epoxy countertops in the kitchen area of the camper have begun to yellow in some areas, so the color is now inconsistent; a problem the manufacturer is aware of as they, now, use a different countertop vendor.

19. Plaintiffs discovered the exterior graphic had begun to peel away from the camper's shell. Alliance replaced it; however, it began to peel a second time shortly after bringing the

camper back home.

20. Despite all agreements and warranties, the fifth wheel camper/travel trailer made and manufactured by Defendant provided by Defendant is and continues to be faulty, which caused and continues to cause Plaintiffs to incur significant damages.

21. Plaintiff attempted to resolve the issues with Defendant for many months following the purchase; however, all attempts to resolve the dispute directly with Alliance were unsuccessful.

## COUNT ONE:
## MAGNUSON-MOSS FEDERAL TRADE COMMISSION ACT

22. Plaintiffs reallege and incorporate by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

23. Plaintiffs are "Consumers" as defined by 15 U.S.C. § 2301(3).

24. Defendant is a "Supplier" and a "Warrantor" as defined by 15 U.S.C. § 2301(4) & (5).

25. The Valor Fifth Wheel Camper is a "Consumer Product" as defined by 15 U.S.C. § 2301(1).

26. One or more of the warranties given to Plaintiffs by Defendant was a "Written Warranty" as defined by 15 U.S.C. § 2301(6) and/or a "Service Contract" as defined by 15 USC § 2301(8).

27. Defendant has been unable, unwilling and/or has refused to conform the above-referenced Valor Fifth Wheel Camper to the written warranty and/or service contract by repairing the nonconformities within a reasonable number of attempts or a reasonable amount of time.

28. Plaintiffs state that Defendant has been afforded a reasonable opportunity to cure the nonconformities pursuant to 15 U.S.C. § 2310 (e).

29. If Defendant maintains a qualified Informal Dispute Resolution Mechanism, Plaintiffs

have resorted to it at least forty (40) days prior to filing this Complaint and/or has pursued that process to its completion, as required by 15 U.S.C. § 2310(a) and rules promulgated thereunder.

30. As a direct and proximate result of Defendant's failure to comply with Defendant's express written and implied warranties and service contract, Plaintiffs have and continue to suffer damages including but not limited to: damage to their Valor Fifth Wheel Camper, as well as significant pecuniary losses and other damages.

31. Pursuant to 15 U.S.C. § 2310 (d)(2), Plaintiffs seek all costs associated with this action, including attorney's fees and expert witness fees.

## COUNT TWO:
## IMPLIED WARRANTY IN TORT

32. Plaintiffs reallege and incorporate by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

33. The defects and nonconformities exhibited by the product provided and assembled by Defendant constitute a breach of contractual, statutory and/or common law obligations of Defendant, including, but not limited to: a) Implied Warranty of Merchantability; and b) Implied Warranty of Fitness for a Particular Purpose.

34. At the time delivery of the product to Plaintiffs and at all times subsequent thereto, Plaintiffs have justifiably relied on Defendant's implied warranties, obligations and representations with regard to the product in question.

35. At the time of delivery of the product, and at all times subsequent thereto, Defendant was aware that Plaintiffs were relying on Defendant's implied warranties, obligations and representations with regard to the products in question.

36. Plaintiffs have incurred damage as a direct and proximate result of the Defendant's breach

and failure to honor its implied warranties, obligations and representations with regard to the products provided and assembled by Defendant.

## COUNT THREE:
## OHIO UNIFORM COMMERCIAL CODE

37. Plaintiffs reallege and incorporate by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

38. The defects and nonconformities exhibited by the Fifth Wheel Camper provided by Defendant constitute a breach of contractual and statutory obligations of Defendant, including, but not limited to, the following:

   a. Express Warranty

   b. Implied Warranty of Merchantability; and

   c. Implied Warranty of Fitness for a Particular Purpose.

39. At the time of delivery of the fifth wheel camper to Plaintiffs, and at all times subsequent thereto, Plaintiffs have justifiably relied on Defendant's express and implied warranties, obligations and representations with regard to the camper.

40. At the time of delivery of the fifth wheel camper, and at all times subsequent thereto, Defendant was aware that Plaintiffs were relying on Defendant's express and implied warranties, obligations and representations with regard to the fifth wheel camper.

41. Plaintiffs have incurred significant damages as a direct and proximate result of the Defendant's breach and failure to honor its express and implied warranties, obligations and representations with regard to the goods provided by Defendant.

42. Plaintiffs have incurred significant damages as a direct and proximate result of the failure of essential purpose of Defendant's express and implied warranties, obligations and representations with regard to the goods provided by Defendant.

## COUNT FOUR:
## OHIO CONSUMER SALES PRACTICES ACT

43. Plaintiffs reallege and incorporate by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

44. Plaintiffs are "Persons," as defined by R.C. § 1345.01(B) of the "Ohio Consumer Sales Practices Act"/O.R.C. §§ 1345.01, et seq.

45. Defendant is a "Supplier" and a "Person" as defined by O.R.C. § 1345.01 (C) & (B).

46. Plaintiffs' purchase of the fifth wheel camper from Defendant is a "Consumer Transaction" as defined by O. R.C. § 1345.01(A).

47. In connection with said transaction, Defendant committed unfair, deceptive and unconscionable acts and practices in violation of O.R.C. §§ 1345.02 and 1345.03.

48. Said actions and practices include, but are not limited to, the following:

   a. Defendant's representation that its products and services contained a valid warranty, which would cause effective warranty repairs to be made within a reasonable time and within the warranty period, was untrue.

   b. Defendant's representation that its products and services contained, as a remedy, an effective warranty, which would cause effective warranty repairs to be made within a reasonable time and within the warranty period, was false.

   c. Defendant's representation that the fifth wheel camper would have the natural benefits of being fit for their intended and ordinary purposes and merchantable was untrue.

   d. Defendant's representation that the fifth wheel camper was fit for ordinary purposes was untrue.

   e. Defendant's representation that the fifth wheel camper was merchantable was

Page **7** of **10**

untrue.

    f. Defendant failed to honor its implied warranty of merchantability.

    g. Defendant, who had a legal obligation to Plaintiffs under the written warranty, breached, avoided and/or attempted to avoid its obligations to the Plaintiff.

    h. Defendant exhibited a pattern of inefficiency, stalling and/or incompetency with regard to its warranty repair work.

49. Defendant knowingly committed all of the above referenced unfair, deceptive and unconscionable acts and practices.

## COUNT FIVE:
## BREACH OF CONTRACT

50. Plaintiffs reallege and incorporate by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

51. On or about June 29, 2021, Plaintiffs and Defendant entered into an agreement and/or a series of agreements whereby Defendant agreed to provide Plaintiffs with a new 2021 Valor Model 40V13 Fifth-Wheel camper, V.I.N. 7M5FV4533MA003783, in exchange for Plaintiffs' payment of approximately $108,866.71.

52. Plaintiffs have fully performed all their obligations under the contract with Defendant.

53. Defendant breached the contract by, among other ways, failing to provide the products and services in the manner agreed upon between the parties.

54. As a direct and proximate result of Defendant's breach of contract, Plaintiffs have and continue to suffer damages including, but not limited to: significant damages to they fifth wheel camper, significant inconvenience, as well as significant pecuniary losses and other damages.

## COUNT SIX:
## NEGLIGENCE-PROPERTY DAMAGE

55. Plaintiffs reallege and incorporate by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

56. As part of the agreement between the parties, Defendant was to provide Plaintiffs with a new 2021 Valor Model 40V13 Fifth-Wheel camper, V.I.N. 7M5FV4533MA003783.

57. Defendant negligently performed the services it was obligated to perform under the parties' agreement.

58. As a direct and proximate result of Defendant's negligence, Plaintiff has and continues to suffer damages including, but not limited to: significant damages to her home and property, significant inconvenience, as well as significant pecuniary losses and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully demand judgment against the Defendant as to all counts for compensatory damages in an amount **WELL IN EXCESS OF $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS)**, for interest, plus the costs of this action including attorney fees, a declaratory judgment that Defendant's practices herein complained of are unfair, deceptive and/or unconscionable, and any other relief as the Court deems proper.

Respectfully submitted,

*/s/ Andrew J. Wides*
**THE WIDES LEGAL GROUP, LLC**
Andrew J. Wides (0091633)
Lawrence J. Spoljaric, Esq. (0091634)
1653 Merriman Road, Ste. 111
Akron, OH 44313
Phone: (234) 260-4918
Facsimile: (234) 260-4424

lspoljaric@wideslaw.com

*Attorneys for Plaintiffs*

## JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, Plaintiffs hereby demands trial by the maximum number of jurors allowed by the law.

Respectfully submitted,

*/s/ Andrew J. Wides*
**THE WIDES LEGAL GROUP, LLC**
Andrew J. Wides (0091633)
Lawrence J. Spoljaric, Esq. (0091634)
1653 Merriman Road, Ste. 111
Akron, OH 44313
Phone: (234) 260-4918
Facsimile: (234) 260-4424

*Attorneys for Plaintiffs*